# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-64-KDB
# (5:18-cr-33-KDB-DCK-1)

| | |
|---|---|
| **DEVON TERMAINE ROSE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). The Government has filed a Motion to Dismiss, (Doc. No. 8).

**I.     BACKGROUND**

Petitioner was charged in the underlying criminal case with: Count One, crack cocaine trafficking conspiracy (21 U.S.C. §§ 841(a)(1) and 846); Count Two, possession with intent to distribute crack cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)); Count Three, possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)); and Count Four, possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). (5:18-cr-33 ("CR") Doc. No. 1).

Petitioner admitted his guilt and agreed to plead guilty to Counts Two, Three, and Four in exchange for the Government's dismissal of the remaining counts. (CR Doc. No. 13 at 1). The Plea Agreement sets forth Petitioner's sentencing exposure, including the minimum and maximum sentence for each count. (CR Doc. No. 13 at 2). Petitioner acknowledged that: the Court would consider the advisory U.S. Sentencing Guidelines; the sentence had not yet been determined; any sentencing estimate was a prediction rather than a promise; the Court would

1

have the final discretion to impose any sentence up to the statutory maximum and would not be bound by the parties' recommendations or agreements; and Petitioner would not be permitted to withdraw his plea as a result of the sentence imposed. (CR Doc. No. 13 at 2-3). The parties agreed to jointly recommend: the plea is timely for purposes of U.S. Sentencing Guidelines § 3E1.1(b); the parties may argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, and adjustments, as well as departures or variances from the applicable guideline range; and the United States will not oppose a sentence at the bottom end of the appliable guideline range. (CR Doc. No. 13 at 3). The Plea Agreement provides that Petitioner stipulated to the existence of a factual basis to support his guilty plea pursuant to the written Factual Basis that was filed with the Plea Agreement, and that the Court may use the offense conduct set out in the Presentence Report (PSR) without objection by Petitioner for any purpose. (CR Doc. No. 13 at 4). The Plea Agreement sets forth the rights Petitioner was waiving by pleading guilty, including an express waiver of his appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. (CR Doc. No. 13 at 5).

The Factual Basis provides in relevant part:

1. From in or about early April 2018 to on or about April 19, 2018, Defendant Devon Tremaine ROSE was a member of a conspiracy, within Iredell County, within the Western District of North Carolina, and elsewhere, to distribute and possess with intent to distribute a mixture and substance containing 28 grams or more of detectable amount of cocaine base, commonly called 'crack cocaine,' both Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846, 841(a), and 841(b)(1)(B).

2. **Defendant Rose is on supervised release in WDNC Docket Number 5:07-cr-11.[1]**

---

[1] Petitioner pleaded guilty in Case Number 5:07-cr-11 to one count of conspiracy to possess with intent to distribute cocaine and cocaine base; he was sentenced to 144 months' imprisonment followed by five years of supervised release in a Judgment entered on August 12, 2008. (5:07-cr-11, Doc. No. 96); see Fed. R. Ev. 201 (addressing judicial notice). Petitioner's probation was revoked based on new law violations and drug/alcohol use and he was

3. On 3/23/2018, the United States Probation Office (USPO) had received information from the NC State Probation Officer that one of their probationers admitted receiving cocaine from ROSE.

4. On 4/9/2018, the USPO debriefed a confidential informant who described purchasing crack cocaine from Defendant ROSE from his residence and other places several times, ranging from 1 to 3 grams at a time.

5. On 4/13/2018, the Iredell County Sheriff's Office conducted a trash pull at Defendant ROSE's residence and found baggies that field tested positive for cocaine.

6. On 4/19/2018, the USPO conducted a lawful search of Defendant ROSE and his residence in Statesville and found 14.5 grams of crack cocaine on his person and two firearms in the residence…. Defendant ROSE admitted that certain text messages in his phone related to his selling crack cocaine and that he brokered 3 cocaine transactions over the past 2 weeks, each for ¼ ounce. Defendant ROSE possessed the firearms in furtherance of drug trafficking.

(CR Doc. No. 12 at 1-2) (emphasis added).

A United States Magistrate Judge conducted a thorough hearing pursuant to Rule 11 at which Petitioner was represented by counsel. See (CR Doc. No. 14) (Acceptance). Petitioner stated, under oath, that he wanted the Court to accept his guilty plea; he understood the charges, his sentencing exposure, and the consequences of pleading guilty; he understood the Plea Agreement and agreed with its terms; he understood the rights he was waiving by pleading guilty including the appellate and post-conviction waiver; and he was pleading guilty because he is guilty. (Id.). He further stated that he read the Factual Basis, understood it, and agreed with it. (Id.). Petitioner stated that the plea was knowing and voluntary and was not the product of threats, intimidation, force, or promises of leniency or a light sentence. (Id.). Petitioner stated that he had enough time to discuss any possible defense with his attorney and was satisfied with counsel's services. (Id.).

The Presentence Investigation Report ("PSR") calculated the base offense level as 24 and

---

sentenced to 46 months' imprisonment, consecutive to his sentence in Case Number 5:18-cr-33, in a Judgment entered on December 7, 2018. (5:07-cr-11, Doc. No. 181).

four levels were added because the Petitioner possessed a firearm and ammunition in connection with another felony offense. (CR Doc. No. 21 at ¶¶ 26, 27). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 25.[2] (CR Doc. 27) (Statement of Reasons). Petitioner had three criminal history points and two more points were added because Petitioner committed the instant offense while under a criminal justice sentence in Case Number 5:07-cr-11. (CR Doc. No. 21 at ¶¶ 49, 50). This resulted in a criminal history score of five and a criminal history category of III. (CR Doc. No. 21 at ¶ 51). The resulting advisory guidelines range was 70 to 87 months' imprisonment plus a mandatory five-year consecutive sentence for Count Three. (CR Doc. No. 27).

In a Judgment entered December 7, 2018, the Court sentenced Petitioner at the bottom of the advisory guideline range to 70 months for Counts Two and Four, concurrent, and 60 months for Count Three, consecutive, followed by a total of six years of supervised release.[3] (CR Doc. No. 32). Petitioner did not appeal.

Petitioner filed the instant *pro se* § 2255 Motion to Vacate on May 11, 2020.[4] (Doc. No. 1). He appears to argue that his guilty plea to the § 922(g) offense is invalid pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019) because: the Government failed to prove the *mens rea* element to the grand jury; the Factual Basis fails to support the elements of § 922(g); and the ambiguous Plea Agreement should be construed against the Government. He argues that he timely filed his § 2255 Motion to Vacate within a year of Rehaif's issuance. He asks the Court to vacate Count Four.

---

[2] Petitioner's acceptance of responsibility information was not available at the time the PSR was completed but was accounted for at the time of sentencing. See (CR Doc. No. 21 at ¶ 17).

[3] The criminal case was assigned to Judge Richard L. Voorhees at that time.

[4] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

The Government filed a Motion to Dismiss, (Doc. No. 8), arguing that the Rehaif claim is waived, procedurally defaulted, and meritless. The Court informed Petitioner of his right to respond to the Motion to Dismiss pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. No. 9). Petitioner filed a Response[5] in which he reiterates his claims and argues that his guilty plea was not knowing and intelligent. The Government did not reply.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that his § 922(g) conviction is invalid because the Government failed to charge or prove that he knew he was a felon pursuant to Rehaif and that his guilty plea to that offense was involuntary.

The Supreme Court held in Rehaif that the government must prove, in a prosecution

---

[5] Petitioner entitles this pleading a "Motion to Reconsider;" it is liberally construed as a Response to the Motion to Dismiss.

5

under 18 U.S.C. § 922(g) and § 924(a)(2), that the defendant knew he belonged to the relevant category of persons barred from possessing a firearm. See also United States v. Gary, 954 F.3d 194 (4th Cir. 2020) (holding in a case on direct appeal that a Rehaif error is structural), *certiorari granted* 141 S.Ct. 974 (2021).

"[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Thus, after a guilty plea, a defendant may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). A defendant is limited "to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Id. Further, appellate and post-conviction waivers are generally enforceable where the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (appellate waivers are enforceable; noting that a defendant who waives his right to appeal "does not subject himself to being sentenced entirely at the whim of the district court" such that a defendant "could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race."); United States v. Lemaster, 403 F.3d 216, 200 (4th Cir. 2005) (the Fourth Circuit does not distinguish between the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in a plea agreement).

The record reveals that Petitioner pleaded guilty knowingly and voluntarily with full knowledge of his plea's consequences. The Magistrate Judge conducted a thorough Rule 11 colloquy and concluded that Petitioner understood the offenses to which he was pleading guilty,

his sentencing exposure, and the rights he was waiving by pleading guilty including his appellate and post-conviction rights. Petitioner stated that he was pleading guilty because he is guilty of Counts Two, Three, and Four, and that he was satisfied with counsel's services. Petitioner's knowing and voluntary guilty plea waived his present non-jurisdictional claims that a charging error occurred before the grand jury and that there was an insufficient factual basis to support the plea. See United States v. Cotton, 535 U.S. 625, 630-31 (2002) (noting that defects in an indictment are not jurisdictional); United States v. Womack, 410 F. App'x 651 (4th Cir. 2011) (valid guilty plea waived the alleged jurisdictional defects that preceded it, including that the indictment was defective); United States v. Jaimes-Bustos, 360 F. App'x 481 (4th Cir. 2010) (guilty plea waived non-jurisdictional alleged defect that the indictment failed to allege an essential element of the crime). These claims are therefore subject to dismissal.

Petitioner appears to argue that his Rehaif challenge was not waived by his guilty plea because he did not understand the § 922(g) offense's elements, which rendered the guilty plea unintelligent and constitutionally invalid. See generally Bousley v. United States, 523 U.S. 614, 618 (1998) ("a plea does not qualify as intelligent unless a criminal defendant first received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process'") (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)).

"[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." Bousley, 523 U.S. at 621. A § 2255 motion is not a substitute for direct appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982). Claims of error that could have been raised before the trial court and on direct appeal, but were not, are procedurally defaulted from § 2255 review unless the petitioner shows both cause for the default and actual prejudice, or demonstrates that he is actually innocent of the offense. See Bousley,

523 U.S. at 621; United States v. Bowman, 267 F. App'x 296, 299 (4th Cir. 2008).

"[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999). A subsequent change in the law constitutes "cause" only where "a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). However, "alleged futility cannot serve as 'cause' for procedural default in the context of collateral review." See Whiteside v. United States, 775 F.3d 180, 185 (4th Cir. 2014) (*en banc*) (citing Bousley, 523 U.S. at 623). To show prejudice, a petitioner must demonstrate that errors in the proceedings "worked to his *actual* and substantial disadvantage" and were of constitutional dimension. See Frady, 456 U.S. at 170.

To show actual innocence, a petitioner must demonstrate that he "has been incarcerated for a crime he did not commit." United States v. Jones, 758 F.3d 579, 584 (4th Cir. 2014). Actual innocence means factual innocence, not legal insufficiency. See Mikalajunas, 186 F.3d at 494; see also McQuiggin v. Perkins, 569 U.S. 383, 393 (2013) ("a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims … on the merits notwithstanding the existence of a procedural bar to relief.").

Petitioner did not raise his Rehaif claim before this Court or on direct appeal. He appears to assert that his Rehaif claim is not procedurally defaulted because it is novel. Petitioner's claim of novelty fails because he only demonstrates futility, not that the § 922(g) challenge was unavailable. It is insufficient to argue that "a claim was unacceptable to that particular court at that particular time." Engle v. Isaac, 456 U.S. 107, 130 (1982). The issue decided in Rehaif "was percolating in the courts for years…." United States v. Bryant, 2020 WL 353424 (E.D.N.Y. Jan.

21, 2020) (citation omitted); see also Rehaif, 139 S.Ct. at 2199 (observing that, even "[p]rior to 1986 … there was no definitive judicial consensus that knowledge of status was not needed"). Petitioner has therefore failed to demonstrate cause.

Even if the Rehaif claim is considered novel, however, Petitioner still cannot overcome procedural default because he has failed to establish prejudice; nor has he demonstrated actual innocence. The record in Case Number 5:08-cr-11 reveals that the Petitioner pleaded guilty to cocaine distribution conspiracy and was sentenced to 144 months' imprisonment. In pleading guilty in the present criminal case, Petitioner admitted that he was on supervised release in Case Number 5:08-cr-11 when he committed the instant offenses. (CR Doc. No. 12 at 1). The record thus conclusively demonstrates that Petitioner was well aware of his prohibited status when he committed the § 922(g) offense. See Erwin v. United States, 2020 WL 5822219 (W.D.N.C. Sept. 30, 2020) (dismissing § 2255 Rehaif claim as waived and procedurally defaulted where petitioner served a three-year sentence for his prior felony convictions and was serving supervised release on those convictions when he committed the instant offense); Wilson v. United States, 2020 WL 4950930 (W.D.N.C. Aug. 24, 2020) (dismissing § 2255 Rehaif claim as procedurally defaulted where the record, including multiple felony convictions for which Petitioner served 12 months or more in prison, establishing that petitioner knew his status as a convicted felon). Accordingly, the Petitioner is unable to demonstrate prejudice or actual innocence. His claim that his guilty plea was involuntary pursuant to Rehaif is thus procedurally defaulted from § 2255 review and no exception applies.

Even if this claim were not procedurally defaulted, it would be denied on the merits because the records in Case Numbers 5:08-cr-11 and 5:18-cr-33 conclusively establish that Petitioner knew he was a convicted felon at the time he violated § 922(g). See (5:08-cr-11, Doc.

No. 96) (Judgment); (CR Doc. No. 12 at 1) (Factual Basis). Petitioner's present self-serving and unsupported claims to the contrary are rejected. See generally Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); see, e.g., Lemaster, 403 F.3d at 221–22. Moreover, Petitioner's claim that his plea was involuntary is facially insufficient insofar as he does not allege that he would not have pleaded guilty and would have proceeded to trial but for the alleged Rehaif error. Nor would it have been reasonable for him to do so, as the Plea Agreement resulted in: the dismissal of a serious drug trafficking conspiracy charge; a three-level reduction in the offense level for acceptance of responsibility; and a sentence at the low end of the advisory guideline range. Therefore, Petitioner's argument that Rehaif rendered his guilty plea involuntary is denied on the merits.

For all the foregoing reasons, the Government's Motion to Dismiss will be granted and Petitioner's § 2255 Motion to Vacate will be dismissed with prejudice and denied.

**IV. CONCLUSION**

For the foregoing reasons, the Government's Motion to Dismiss is granted and the § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss, (Doc. No. 8), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a

certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

*/s/ Kenneth D. Bell*
Kenneth D. Bell
United States District Judge

Signed: May 20, 2021